UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-80048-ROSENBERG/REINHART

SHELLA PHILISTIN and
IZAMIE PIERRE,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS [DE 14]

Before the Court is Defendant's Motion to Dismiss Complaint. DE 14. This matter was referred to the undersigned by the presiding United States District Judge. DE 15. The Court has reviewed the Motion and the Response [DE 25]. This matter is now ripe for decision.

Plaintiffs bring this action pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq* ("RESPA"), and Regulation X promulgated under RESPA, 12 C.F.R. § 1024.36. Plaintiffs seek damages and attorney fees based on Defendant's alleged failure to properly respond to a request for information about Plaintiffs' residential mortgage loan. For the reasons stated below, it is RECOMMENDED that the Motion to Dismiss be GRANTED WITH PREJUDICE.

## LEGAL STANDARDS

*1. Motion to Dismiss*

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a claim must provide the defendant fair notice of plaintiff's claim and the grounds

1

upon which it rests. *See Swierkiewicz v. Sorema N.A.,* 534 U. S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (*quoting Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570. In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp*., 605 F. 3d 1283, 1290 (11th Cir. 2010 ) (citing *Iqbal,* 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557). When evaluating a motion to dismiss under Rule 12(b)(6):

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc*., 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

    *2. RESPA*

RESPA imposes a duty on a mortgage loan servicer to respond to certain inquiries from a borrower about the servicing of their loan. In pertinent part, it states:

> (e) **Duty of Loan Servicer to Respond to Borrower Inquiries**
>
>     (1) Notice of receipt of inquiry
>
>     **In general.** If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.
>
>     **Qualified written request.** For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
>
>         (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
>         (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

3

12 U.S.C.A. § 2605(e). If the borrower submits a qualified written request ("QWR"), the servicer must respond within certain statutory time limits. As relevant here, a "servicer" is "a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan)." 12 U.S.C. § 1024.2.

In addition to complying with Section 2605(e), mortgage loan servicers must also "comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of [RESPA]." 12 U.S.C. § 2605(k)(1)(E). Regulation X is one such regulation. 12 C.F.R. § 1024.36.

Plaintiffs allege that Ocwen violated Regulation X, in particular, 12 C.F.R. § 1024.36(d)(2), which states

> (d) **Response to information request–**
>
> > (1) **Investigation and response requirements.** Except as provided in paragraphs (e) and (f) of this section, a servicer must respond to an information request by either:
> >
> > (i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
> >
> > (ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.
> >
> > (2) **Time limits –**
> >
> > (i) **In general.** A servicer must comply with the requirements of paragraph (d)(1) of this section:
> >
> > > (A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other

        relevant contact information for, the owner or assignee of a mortgage loan; and

    (B) For all other requests for information, not later than 30 days (excluding legal public holidays, Saturdays, and Sun days) after the servicer receives the information request.

  (ii) **Extension of time limit**. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section.

Section 2605(f) of RESPA creates a private right of action for a mortgage borrower if a mortgage servicer fails to comply with "any provision of this section" 12 U.S.C. § 2605(f). As relevant here, an individual borrower can recover "any actual damages to the borrower as a result of the failure [to comply]." 12 U.S.C. § 2605(f)(1)(A).

In sum, to defeat the Motion to Dismiss, Plaintiffs must plead a plausible claim that: (1) Defendant is a loan servicer for a federally related mortgage loan, (2) Defendant received a qualified written request ("QWR") from Plaintiffs, (3) the QWR sought information "relating to the servicing of [the Plaintiffs' mortgage] loan," (4) Defendant failed to respond adequately, and (5) Plaintiffs have suffered damages.

## **FACTS**

Plaintiffs are owners of a mortgaged residence in Wellington, Florida. DE 1-3 at ¶5. In or about November 2017, Plaintiffs retained counsel to send a letter to their mortgage servicer, OCWEN. DE 1-3 at ¶ 11. The letter was mailed on November 27, 2017, by certified mail (the "Request for Information", or "RFI"). DE 1-3 at 18. OCWEN received the RFI on November 30,

2017. DE 1-3 at 20. The RFI sought extensive information about their mortgage loan. As relevant here, the requested material included:

- "The identity of and address for the current owner of" the Loan
- "The identity of and address for the *master servicer* of" the Loan (emphasis in original)
- "The identity of and address for the *current servicer* of" the Loan (emphasis in original)
- "Call log and call notes/communication."

DE 1-3 at 6, 8. The RFI asserted that Plaintiffs were entitled to this information pursuant to Regulation X of RESPA. DE 1-3 at 6. OCWEN had 10 days to provide the information about the owner of the loan, 12 C.F.R. § 1024.36(d)(2)(i)(A),[1] and 30 days to provide other responsive materials. DE 1-3 at ¶ 13; 12 C.F.R. § 1024.36(d)(i)(B). OCWEN timely requested a 15 day extension to respond. DE 1-3 at ¶ 14. Thus, OCWEN had until on or about January 15, 2018, to respond.

Having not received a complete written response from OCWEN, on January 12, 2018, Plaintiffs' counsel sent a second letter to OCWEN by certified mail ("First Notice of Error").[2] DE 1-3 at 11. Plaintiffs paid $3.81 in postage for the First Notice of Error. DE 1-3 at 19. The First

---

[1] The RFI erroneously stated that OCWEN had 10 days to provide information about the servicer(s) of the loan. DE 1-3 at 6.

[2] OCWEN apparently timely provided some responsive materials before January 12, 2018. The RFI listed three general categories of document requests: (1) information relating to the owner, servicer, and master servicer of the loan, (2) information related to the payoff owed on the loan, and (3) information related to the loan transaction history, broken down into 18 subcategories. DE 1-3 at 6-9. The First Notice of Error had the RFI as an attachment and generally alleged that OCWEN was deficient in its response to the RFI, but only specifically mentioned the request for owner and servicer information, and the request for a loan payoff statement. DE 1-3 at 12. The Complaint also states that OCWEN did not provide "a complete written response" to the RFI; it does not say that OCWEN failed to provide any written response.

Notice of Error was based on 12 C.F.R. § 1024.35(b)(11), which can be invoked based on "[a]ny other error relating to the servicing of a borrower's mortgage loan." DE 1-3 at ¶ 16. OCWEN received the First Notice of Error on January 17, 2018. DE 22-2 at 10. OCWEN was required to respond within 30 days. 12 C.F.R. § 1024.35(e)(3)(i)(C)(loan servicer has 30 days to address errors asserted under paragraph (b)(11)).

The First Notice of Error states, "The borrowers have incurred damages not limited to preparation cost and legal fees. The borrowers need this information as they are in litigation and are attempting to settle the allege [sic] debt tied to this loan. The failure to provide this has caused them damages in continued attorney fees defending this foreclosure, and in pursuing this error resolution along with costs for same." DE 1-3 at 11-12.

On January 30, 2018, OCWEN sent a seven-page written response to the First Notice of Error. DE 22-3.[3] This response identified the current owner of the loan and the current servicer. It did not identify the master servicer or provide contact information for that master servicer. ¶ 17. It also did not provide call logs for the loan. *Id.*

On February 12, 2018, Plaintiffs' counsel sent a Second Notice of Error by certified mail, paying $3.45 in postage. DE 1-3 at 25. The Second Notice of Error once again asked for, *inter*

---

[3] Although the OCWEN response was not appended to the Complaint, the Court can consider it in ruling on the Motion to Dismiss. It is well settled that a court may take judicial notice of records without converting the motion to dismiss into a motion for summary judgment, so long as the records are central to the plaintiff's claims and their authenticity is not challenged. *See. e.g., Roberto v. Shendell & Assocs., P.A.,* No. 9:17-CV-81213, 2018 WL 1367445, at *1 (S.D. Fla. Mar. 16, 2018) (J. Rosenberg); *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F.3d 1337, 1340 (11th Cir. 2005) (*citing Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). Here, Defendant specifically requested that the Court consider the response to the First Notice of Error. DE 14 at 3, n.4. Plaintiffs did not object to this request nor challenge the authenticity of the document. Therefore, the Court will consider the document in ruling on the Motion to Dismiss.

*alia,* "owner and master servicer information" and "[c]all log and call notes/communication." DE 1-3 at 20, 21, 23.

## DISCUSSION

Plaintiffs argue that OCWEN violated RESPA when it failed to provide the call logs and the identity and contact information for the master servicer. DE 1-3 at ¶ 22. ("Defendant has failed or refused to comply with 12 C.F.R. § 1024.36(d)(2) in that the Defendant has failed to provide Plaintiff with the call logs for Plaintiff's mortgage loan as well as the Master Servicer identity and contact information, despite repeated requests for same by the Plaintiff."). OCWEN responds that it was not required to provide call logs or master servicer information because this material does not relate to the servicing of the Loan. DE 14 at 6-8. OCWEN additionally argues that Plaintiffs did not comply with a "notice and cure" requirement in the mortgage which was a condition precedent to this RESPA action. *Id.* at 8-11. Finally, OCWEN argues that Plaintiffs lack Article III standing because they have not suffered a legally-cognizable injury. *Id.* at 11-15.

Plaintiffs respond that whether the requested information relates to servicing the loan is not resolvable on a Motion to Dismiss. DE 25 at 4-6. Plaintiffs further argue that OCWEN was not entitled to the benefit of the notice and cure provision because OCWEN is not a party to the mortgage. *Id.* at 6-8. Finally, Plaintiffs argue that their postage costs are a constitutionally-sufficient injury under RESPA. *Id.* At 8-12.

The Court must first address the standing argument. A party's standing is one component of the Court's subject matter jurisdiction. It must be resolved before turning to the merits. *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (The Court may not address the merits of a controversy without first establishing subject matter jurisdiction.). The "'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must

have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.  Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted).

Here, Plaintiffs allege that they made a request for information under RESPA, DE 1-3 at ¶ 11, that OCWEN failed to fully comply with that request, DE 1-3 at ¶ 15, and that Plaintiffs therefore incurred $6.45 in costs for sending follow up correspondence by certified mail.  DE 1-3 at ¶¶ 16, 17, 25.  At this stage, these factual allegations are entitled to the assumption of truth.  They allege a plausible claim that Plaintiffs suffered a sufficient injury for Article III standing.  *See, e.g., Miranda v. Ocwen Loan Servicing, LLC,* 148 F. Supp. 3d 1349, 1355 (S.D. Fla. 2015) (J. Cohn) (holding that postal costs incurred after an incomplete or insufficient response are actionable damages under RESPA); *Russell v. Nationstar Mortg., LLC,* No. 14-civ-61977, 2015 WL 541893, at *2 (S.D. Fla. Feb. 10, 2015) (J. Bloom) (postage costs incurred in sending follow-up correspondence sufficient are cognizable RESPA damages).

Plaintiffs were not required to provide notice and an opportunity to cure the alleged RESPA violation prior to filing suit.  The undersigned agrees with Judge Bloom's thorough discussion of this topic in *Lamonthe v. Freedom Mortgage Corp.,* No. 18-cv-61448, 2018 WL 5631172 (S.D. Fla. Oct. 31, 2018).  A notice and cure provision of a mortgage does not apply to an alleged RESPA violation unless there is an "allegation that the mortgage has been breached, for without a breach there is nothing for the Defendant to cure." *Id.*, at *4.  Here, it has not been alleged that OCWEN's failure to provide the requested information was, independently, a violation of the mortgage.  Therefore, Plaintiffs were not required to comply with the notice-and-cure provision.

OCWEN did not violate RESPA by failing to provide the master servicer's identity or "call log and call notes/communication." Regulation X applies only to information related to the servicing of the loan. *See, e.g., Maldonado v. Ocwen Loan Servicing, LLC,* No. 18-civ-62037, 2018 WL 6427682, at *4 (S.D. Fla. Dec. 7, 2018) (J. Altonaga); *Hudgins v. Seterus, Inc.,* 912 F. Supp. 3d 1343, 1348-50 (S.D. Fla. 2016) (J. Bloom). "Information 'related to loan servicing' includes 'information about the receipt of periodic payments or the amounts of such payments.'" *Hudgins,* 192 F. Supp. 3d. at 1349 (citations omitted). "Servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

The request for "call logs and call notes/communications" did not relate to loan servicing. In *Hudgins,* the plaintiff had requested "all correspondence" from the servicer to the borrower, including "a letter log showing the date the letter was sent." 192 F. Supp. 3d. at 1347-48. Judge Bloom held that this request did not relate to loan servicing. *Id.* at 1351-52. The Plaintiffs' request here for "call log and call notes/communications" is materially identical to (if not more vague than) the request in *Hudgins.* The undersigned concurs in, and adopts, Judge Bloom's reasoning.

Plaintiff's request for information related to the Master Servicer meets a similar fate. Other courts have persuasively concluded that the identity of the master servicer is not related to servicing the loan. *See Kelly v. Fairon & Assocs.*, 842 F. Supp. 2d 1157, 1160 (D. Minn. 2012) (collecting cases); *see also Bivens v. Select Portfolio Servicing, Inc.*, No. 1:17-CV-760-ELR-JKL, 2017 WL 8185749, at *5 (N.D. Ga. Dec. 18, 2017). The undersigned agrees with the reasoning of these cases and adopts their conclusion.

The final question is whether the Complaint should be dismissed with prejudice or without prejudice.  Here, the content of the underlying RFI controls whether a remedy is available under RESPA.  Because that RFI did not request information related to the servicing of the loan, and cannot now be changed, further amendment of the Complaint would be futile.  The Complaint should be dismissed with prejudice.

## REPORT AND RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that the Motion to Dismiss Complaint [DE 14] be GRANTED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 18th day of March, 2019, at West Palm Beach in the Southern District of Florida.

_____

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE